# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEREK Q. JAMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:06cv0979 RWS |
| ) | TCM |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Pending in this 28 U.S.C. § 2254 action are the motions of petitioner, Derek Q. James, for a protective order, for the appointment of counsel, and for a permanent injunction and temporary restraining order. [Docs. 7, 9, 10]

In his 41-page[1] petition seeking federal habeas relief on one ground, Petitioner is challenging a 17-year sentence imposed following a jury trial on two felony charges. In his motion for protective order, Petitioner seeks an order prohibiting the Department of Corrections ("DOC") from not allowing his family and friends to send him postage stamps. Petitioner explains in this motion that he has insufficient funds to pay state and federal court filing fees and also purchase postage stamps. In his emergency motion for appointment of counsel, Petitioner explains that a DOC librarian has prohibited law clerks from assisting inmates who are not trained in the law. Petitioner cites the lack of finances for postage stamps and his need for appointment of counsel in his motion for a permanent injunction and temporary restraining order.

---

[1]Many of the pages are copies of state court pleadings.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings. See **Morris v. Dormire**, 217 F.3d 556, 558 (8th Cir. 2000); **McCall v. Benson**, 114 F.3d 754, 756 (8th Cir. 1997); **Hoggard v. Purkett**, 29 F.3d 469, 471 (8th Cir. 1994). "[I]nstead, [the appointment of counsel] is committed to the discretion of the trial court." **McCall**, 114 F.3d at 756 (alterations added). In considering whether to appoint counsel, the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims should be considered. **Morris**, 217 F.3d at 558-59. Moreover, where the issues involved can be properly resolved without an evidentiary hearing, the court does not abuse its discretion in denying a request for appointment of counsel. See **Hoggard**, 29 F.3d at 471. On the basis of the record now before the court, it appears that Petitioner's one ground can be resolved without an evidentiary hearing. The record does not yet include Respondent's response to the show cause order. Moreover, the petition, including a copy of a motion to represent himself in the state criminal proceedings, demonstrates an ability to articulately and appropriately advocate Petitioner's position.

Although Petitioner alleges that he has no money to purchase postage stamps, this lack of resources has not prevented him from filing his petition and the three pending motions, two of which have exhibits attached.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's emergency motion for appointment of counsel is **DENIED** without prejudice. [Doc. 9]

**IT IS FURTHER ORDERED** that Petitioner's motion for protective order and motion for permanent injunction and for temporary restraining order are each **DENIED**. [Docs. 7, 10]

                          /s/ Thomas C. Mummert, III
                          THOMAS C. MUMMERT, III
                          UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of September, 2006.