UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK Q. JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case number 4:06cv0979 RWS |
| | ) | TCM |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The petition of Derek Q. James ("Petitioner") for federal habeas corpus relief is before the undersigned United States Magistrate Judge for a review and a recommended disposition. See 28 U.S.C. § 636(b).

**Background**

Petitioner was charged in April 2002 with one count of first degree burglary and one count of stealing $750 or more. (Resp't Ex. 2 at 8-9.) Both offenses involved him allegedly unlawfully entering a building at Washington University and stealing a laptop computer from a professor's office. (Id.) The charges were amended on March 17, 2003, to be one count of first degree burglary, one count of stealing third offense, and one count of being a persistent offender. (Id. at 11-12.)

On March 19, Petitioner's motion to proceed pro se – filed that same day – was heard and argued. (Id. at 5, 23; Pet'r Ex. B.) Trial counsel and the prosecutor were also

present. (Resp't Ex. [1A[1]].) Asked if he was requesting that his attorney be discharged and that (i) he be allowed to represent himself or (ii) he be appointed different counsel, Petitioner replied: "I'm asking that – the State of Missouri is asking for justice and for representation of the State statutes and the constitution." (Id. at 3.) Asked the question again, he replied that he was requesting that he be allowed to represent himself. (Id. at 4.) After ascertaining that Petitioner could read and write, the court asked him if understood the charges in Count II. (Id. at 5-6.) Rather than reply, he asked a question. (Id. at 6.) The court cautioned him that she needed to determine whether he was able to conduct himself appropriately and that he would need to answer her questions if wanted his motion heard. (Id. at 6-7.) The court then questioned him in detail about his understanding of the charges against him, of the range of punishment, and of the various obstacles he faced if he proceeded pro se. (Id. at 8-16.) Petitioner replied to each query that he understood. (Id.) Asked why he wished to represent himself, Petitioner replied that after reading "the federal criminal code book, United States Constitution and the Constitution of the State of Missouri" he believed that he was being charged as a corporation. (Id. at 18.) He further explained that he had "been denied to have issues brought up before the Court." (Id.) The court stated that she had reviewed the file and noted that he had filed "numerous motions." (Id. at 19.) Some of these motions the court considered to be inappropriate in

---

[1]This exhibit is a transcript of the proceedings on March 19, 2003. Although listed in the Response to Show Cause as part of Exhibit 1, the transcript itself is not so marked.

a criminal case.² (Id.) The court found that he was not competent to represent himself, although Petitioner appeared to be an intelligent man, and that he had not intelligently and voluntarily waived his right to be represented by counsel. (Id.)

On March 26, the burglary charge was amended to second degree burglary. (Id. at 14.) Five days later, Petitioner, his trial counsel, and the prosecutor appeared for a hearing on pretrial motions and for trial. (Resp't Ex. 1.) The court first took up Petitioner's trial counsel's motion for a continuance on the grounds that if, released on bond and given additional time, Petitioner wanted to personally go to the crime scene and conduct his own investigation. (Id. at 6.) The court denied both the bond reduction and continuance. (Id. at 7.) On behalf of his client, trial counsel then requested that Petitioner be allowed to remove himself from the courtroom and not be present during the proceedings. (Id. at 7-8.) Asked by the court if he wished not to be present during the hearing on the motion to suppress, Petitioner replied that he wanted to know who had a claim against him. (Id. at 8.) The court repeated her question. (Id.) Petitioner replied: "I accept that for value. I would like the claim released for me by the State of Missouri, House Rule 12 – " (Id.) Instructed to be quiet, Petitioner continued, "If the claim is not released in 30 days –" (Id.) Against trial counsel's advice, Petitioner left the courtroom. (Id. at 8-9.)

After one State's witness had testified, the hearing on the motion to suppress was continued to the next day and the question of Petitioner's status as a persistent offender

---

²Petitioner has submitted copies of various motions he filed in the state trial court. (See Docket 57-2.) Several of these motions request the removal of his appointed counsel.

was addressed. (Id. at 32.) Petitioner returned to the courtroom. (Id.) Trial counsel again asked, on his client's behalf, that Petitioner not be present. (Id. at 33.) Asked by the court if he so desired, Petitioner replied: "The claim against me is an illegal claim. I am charged as a corporation pursuant to my red straw man name. This is not me R. Calburletta (phonetic). This is – this is not my name by birth certificate." (Id.) Petitioner left the courtroom. (Id. at 34.) Petitioner was returned to the courtroom before the trial began. (Id. at 40.) He did not wish to be present when the jury was selected, repeating that he was being illegally charged as a corporation and citing Black's Law Dictionary. (Id. at 40-41.) Petitioner left the courtroom. (Id. at 41.)

Petitioner returned to the courtroom after lunch and was cautioned to conduct himself appropriately and not to make any speeches or comments from the counsel table. (Id. at 42.) He agreed. (Id.) He remained in the courtroom during the jury selection; the testimony, outside of the jury's presence, of a Washington University police officer on the identification of Petitioner by the victim; and the trial testimony by (a) the professor who was returning to his office with a cup of coffee when he saw a man about to leave that office with the professor's laptop computer, who did not believe the man's explanation that he was a security guard, who chased the man when the man ran, who caught the man, who chased him again after the man put the computer down and ran off, and who later identified Petitioner as that man; (b) a Washington University secretary who saw the professor chasing a man, called campus police, and later identified a suspect held by the campus police as the man being chased; and (c) a Washington University detective who

had told Petitioner twelve years earlier that he would be arrested for trespassing if he came onto the campus again. (Id. at 126-200.)

The State rested its case. (Id. at 202.) Petitioner elected not to testify in his own behalf. (Id. at 203.) An hour after retiring to deliberate, the jury returned with a guilty verdict on both the burglary and stealing charges. (Id. at 230.)

Petitioner was later sentenced to a seventeen-year term of imprisonment on the burglary charge and a concurrent one-year term on the stealing charge. (Id. at 241.)

He appealed on the grounds that he had been denied his constitutional right to represent himself[3] and that the trial court had erred in overruling his motion to suppress out-of-court and in-court identifications of him. (Resp't Ex. 3.) The appellate court rephrased his arguments, stated that the court had reviewed the briefs and the record on appeal, and concluded, without further explanation, that there were no errors of law. James v. State, 136 S.W.3d 526, 526 (Mo. Ct. App. 2004) (per curiam).

Petitioner now presents for § 2254 relief his argument that he was denied his constitutional right to represent himself at trial.[4]

---

[3] His trial counsel had also raised the issue in a motion for new trial. (Pet'r Ex. III.)

[4] Petitioner raised in state post-conviction proceedings an argument that his trial counsel was ineffective for not objecting when the prosecutor asked the professor three times if the professor had any doubt that it was Petitioner who took the computer from the professor's office. (See Resp't Ex. 6 at 34-47.) He does not raise this argument as a basis for § 2254 relief.

**Discussion**

Title 28 U.S.C. § 2254(d) mandates that a federal court grant habeas relief on a claim that was adjudicated on its merits by the State courts only if the adjudication "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States'" or "'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" **Collier v. Norris**, 485 F.3d 415, 421 (8th Cir. 2007) (quoting § 2254(d)). "'[A] decision is "contrary to" federal law . . . if a state court has arrived at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if it confront[ed] facts that are materially indistinguishable from a relevant Supreme Court precedent but arrived at an opposite result.'" **Id.** (quoting Davis v. Norris, 423 F.3d 868, 874 (8th Cir. 2005)) (all but first alteration in original). "'A state court unreasonably applies clearly established federal law when it identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" **Id.** (quoting Davis, 423 F.3d at 874) (alteration in original).

The foregoing deferential standard of review applies even when, as in the instant case, the appellate court's decision is summary. See **Brown v. Luebbers**, 371 F.3d 458, 467 (8th Cir. 2004); **James v. Bowersox**, 187 F.3d 866, 869 (8th Cir. 1999). See also **Niederstadt v. Nixon**, 465 F.3d 843, 846 (8th Cir. 2006) (noting that it is sometimes difficult to determine when a state court's summary disposition is a ruling on the merits

- 6 -

and distinguishing cases, including James, supra, in which the state court acknowledged the claims, stated the claims had been considered, and found them to be without merit from case before it in which court had simply overruled pending motion for rehearing). Additionally, decisions by circuit courts of appeals may assist in determining whether a state court's decision was a reasonable application of Supreme Court precedent. **Williams v. Bowersox**, 340 F.3d 667, 671 (8th Cir. 2003).

Mindful of this standard, the Court finds, for the reasons set forth below, that the Missouri state courts' resolution of Petitioner's claim does not violate § 2254(d).

It is well established Federal law that the Sixth Amendment grants a defendant the right to self-representation. See **McKaskle v. Wiggins**, 465 U.S. 168, 174 (1984); **Faretta v. California**, 422 U.S. 806, 819, 820 (1975) ("To thrust counsel upon the accused, against his considered wish, . . . violates the logic of the [Sixth] Amendment."). "The right to self-representation, however, is not absolute." **United States v. Edelmann**, 458 F.3d 791, 808 (8th Cir. 2006) (citing Martinez v. Court of Appeal of Cal., 528 U.S. 152, 161 (2000)). The right to self-representation may be denied if "the defendant is unable to 'knowingly and intelligently' forgo the 'traditional benefits associated with right to counsel,'" **id.** (quoting Martinez, 422 U.S. at 835) or if the right is "'to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process,'" **id.** at 808-09 (quoting United States v. Frazier-El, 204 F.3d 553, 560 (4th Cir. 2000)) (alterations in original). Accord **United States v. Yagow**, 953 F.2d 427, 431 (8th Cir. 1992) (right to self-representation is shield and not a sword). A defendant's mental

health "is also a relevant consideration in assessing whether a waiver of counsel [is] knowing, intelligent, and voluntary." **Wilkins v. Bowersox**, 145 F.3d 1006, 1012, 1013 (8th Cir. 1998) (noting that, under Supreme Court precedent, "a valid waiver of counsel requires more than competency to stand trial"); accord **Blackmon v. Armontrout**, 875 F.2d 164, 166 (8th Cir. 1989).

When determining whether a defendant was improperly denied his right to self-representation, the court must examine "'the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the [defendant].'" **Overton v. Mathes**, 425 F.3d 518, 521 (8th Cir. 2005) (quoting Edwards v. Arizona, 451 U.S. 477, 482 (1981)); accord **Wilkins**, 145 F.3d at 1012. A court does not err in denying "a defendant who deliberately engages in serious and obstructionist misconduct" the right of self-representation. **Faretta**, 422 U.S. at 834 n.46.

An examination of the facts and circumstances in Petitioner's case supports the state trial court's denial of Petitioner's request to represent himself. The request, made almost one year after he had been charged and two weeks before trial, was explained by an argument that he was being charged as a corporation. At the hearing on his request, he had to be instructed to conduct himself appropriately. When appearing for a hearing on a motion to suppress, Petitioner made a nonsensical argument and had to be instructed to be quiet. The next day, he repeated his argument that he was being charged as a corporation and left the courtroom. Although "bad tactics do not prove a defendant incompetent," **Wise v. Bowersox**, 136 F.3d 1197, 1204 (8th Cir. 1998), a defendant

wishing to represent himself must be "able and willing to abide by rules of procedure and courtroom protocol," **McKaskle**, 465 U.S. at 173. "[T]he government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." **Martinez**, 458 U.S. at 162. Clearly, the weighing of the competing interests in the instant case favored the denial of Petitioner's request for self-representation.[5] See e.g. **Edelmann**, 458 F.3d at 809 (affirming denial of right to proceed pro se when request was made four to five days before trial and was coupled with other motions); **United States v. Mackovich**, 209 F.3d 1227, 1237 (10th Cir. 2000) (affirming denial of request for self-representation; record supported district court's findings that request was delay tactic, specifically, request was made only six to ten days before trial, defendant threatened to withhold participation after request was denied, and request was joined on first day of trial with request for continuance); **Frazier-El**, 204 F.3d at 559-60 (affirming district court's denial of request for self-representation made in order to present defense that he was not subject to court's jurisdiction because he was an officer of the Moorish Science Temple); **United States v. George**, 56 F.3d 1078, 1084 (9th Cir. 1995) (affirming district court's denial of request for self-representation on grounds request was

---

[5]The Court notes that Petitioner has also demonstrated in this proceeding his disregard for court protocol. After being denied a transfer to federal custody based on conditions of confinement and advised that such challenges should be brought in a separate 42 U.S.C. § 1983 action, Petitioner continued to seek such a transfer. The Court further notes that one of Petitioner's request for transfer was accompanied by toe nail clippings.

made for purposes of delay as evidenced by defendant seeking a continuance in conjunction with request and by request being made on eve of trial).

## Conclusion

Petitioner presents one ground for federal habeas relief. That ground was resolved on its merits by the state appellate court. Its adverse decision did not result in a decision that was contrary to clearly established Federal law, an unreasonable determination of such law, or an unreasonable determination of the facts based on the state court record. Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition for a writ of habeas corpus of Derek Q. James be **DENIED** without further proceedings.

The parties are advised that they have **up to and including August 31, 2009**, in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  19th  day of August, 2009.